WCP:cbr
2/7/08

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

AMERICAN RED CROSS,           *

    Plaintiff                           *

                                   Civil Action No. 1:07-209 (RCL)

v.                                       *

VINTON ROOFING COMPANY        *

    Defendant                          *

         *    *    *    *    *    *    *

**DEFENDANT'S AMENDED RESPONSES TO
PLAINTIFF'S REQUEST FOR ADMISSIONS**

Defendant, Vinton Roofing Company, by and through its attorneys, William C. Parler, Jr., and Parler & Wobber, L.L.P., hereby responds to Plaintiff's Request for Admissions pursuant to the Federal Rules of Civil Procedure and states:

**REQUEST NO. 1:**          In 2005 Vinton was an insured of Harleysville.

**RESPONSE NO. 1:**          Defendant objects to this request as evidence of Defendant's liability insurance is inadmissible. Defendant further objects because this request calls for a legal conclusion, not an admission of fact, and therefore it is improper. The Request is objected to as beyond the scope of permitted discovery under Federal Rules 26 and 37. Subject to, and without waiving the objections, Defendant admits request number one.

**REQUEST NO. 2:**          In June 2005, Gary Payne notified Harleysville about the leak that had occurred in the Red Cross building in Roanoke.

**RESPONSE NO. 2:**          Defendant objects to this request as evidence of Defendant's liability insurance is inadmissible. Defendant further objects because this request calls for a legal conclusion, not an admission of fact, and therefore it is improper. The Request is

objected to as beyond the scope of permitted discovery under Federal Rules 26 and 37. Subject to, and without waiving the objections, Defendant admits request number two.

**REQUEST NO. 3:**   In 2005, Harleysville investigated the circumstance of the leak on behalf of Vinton.

**RESPONSE NO. 3:**   Defendant objects to this request as evidence of Defendant's liability insurance is inadmissible. Defendant objects to Plaintiff's request as improper. Any investigation conducted in anticipation of litigation is privileged from disclosure. Subject to, and without waiving these objections, Defendant admits request number three.

**REQUEST NO. 4:**   In 2005 and 2006, Carey Latham was a Claims Specialist with Harleysville.

**RESPONSE NO. 4:**   Defendant objects to Plaintiff's request as improper, and seeking information neither relevant, nor calculated to lead to the discovery of admissible information. Any investigation conducted by Harleysville in anticipation of litigation is privileged from disclosure. Subject to, and without waiving these objections, Defendant admits request number four.

**REQUEST NO. 5:**   In 2005 and 2006, Carey Latham was authorized to act on behalf of Harleysville in connection with its investigation of the leak.

**RESPONSE NO. 5:**   Defendant objects to Plaintiff's request as improper, and seeking information neither relevant, nor calculated to lead to the discovery of admissible information. Any investigation conducted by Harleysville in anticipation of litigation is privileged from disclosure. Subject to, and without waiving these objections, Defendant admits request number five.

**REQUEST NO. 6:**   In 2005, Mike Russo investigated the circumstances of the leak on behalf of Harleysville.

**RESPONSE NO. 6:**   Defendant objects to Plaintiff's request as improper, and seeking information neither relevant, nor calculated to lead to the discovery of admissible

information. Any investigation conducted by Harleysville in anticipation of litigation is privileged from disclosure. Subject to, and without waiving these objections, Defendant admits request number six.

**REQUEST NO. 7:**     On June 15, 2005, Carey Latham recorded in Harleysville's file that Mike Russo had reported to her that the leak was "due to bad seam" by Vinton.

**RESPONSE NO. 7:**     Defendant objects to this request as discovery of non-testifying experts retained in anticipation of litigation is inadmissible, evidence of Defendant's liability insurance is inadmissible, and Defendant, as the insured, is not in the position to verify the contents of business records of a non-party insurer. Subject to, and without waiving these objections, Defendant admits request number seven.

**REQUEST NO. 8:**     In 2005, an engineering firm known as Engineering Design & Testing investigated the circumstances of the leak at Harleysville's request.

**RESPONSE NO. 8:**     Defendant objects to this request as discovery of non-testifying experts retained in anticipation of litigation is inadmissible. Also, evidence of Defendant's liability insurance is inadmissible. Subject to, and without waiving these objections, by way of further response, after reasonable inquiry, the information known or readily obtainable by the Defendant is insufficient to enable Defendant to admit or deny request eight.

**REQUEST NO. 9:**     In August 2005, Kenny Crump was a structural engineer with Engineering Design & Testing.

**RESPONSE NO. 9:**     After reasonable inquiry, the information known or readily obtainable by the Defendant is insufficient to enable Defendant to admit or deny request nine.

**REQUEST NO. 10:**     In 2005, Kenny Crump investigated the circumstances of the leak for Harleysville.

**RESPONSE NO. 10:**     Defendant objects to this request as discovery of non-testifying experts retained in anticipation of litigation is inadmissible. Also, evidence of Defendant's liability insurance is inadmissible. Subject to, and without waiving these objections, by way of further response, Defendant admits request number ten.

**REQUEST NO. 11:** In May 2006, Kenny Crump reported his observations to Harleysville.

**RESPONSE NO. 11:** Defendant objects to this request as discovery of non-testifying experts retained in anticipation of litigation is inadmissible, evidence of Defendant's liability insurance is inadmissible, and Defendant, as the insured, is not in the position to verify the contents of business records of a non-party insurer. Subject to, and without waiving these objections, Defendant admits request number eleven.

**REQUEST NO. 12:** On May 11, 2006, Carey Latham recorded in Harleysville's file that Kenny Crump had inspected the Red Cross building in Roanoke in 2005.

**RESPONSE NO. 12:** Defendant objects to this request as discovery of non-testifying experts retained in anticipation of litigation is inadmissible, evidence of Defendant's liability insurance is inadmissible, and Defendant, as the insured, is not in the position to verify the contents of business records of a non-party insurer. Subject to, and without waiving these objections, Defendant admits request number twelve.

**REQUEST NO. 13:** On May 11, 2006, Carey Latham recorded in Harleysville's file that Kenny Crump has reported to her that he "recalls the roofer poorly staged his work and did not allow for water proofing."

**RESPONSE NO. 13:** Defendant objects to this request as discovery of non-testifying experts retained in anticipation of litigation is inadmissible, evidence of Defendant's liability insurance is inadmissible, and Defendant, as the insured, is not in the position to verify the contents of business records of a non-party insurer. Subject to, and without waiving these objections, Defendant admits request number thirteen.

**REQUEST NO. 14:** On May 11, 2006, Carey Latham recorded in Harleysville's file that Kenny Crump had reported to her that "no unusual weather to account for the leaks other than poor securing of the exposed areas by roofer."

**RESPONSE NO. 14:** Defendant objects to the Request as written, as the phrase "no unusual weather to account for the leaks other than poor securing of the exposed areas by roofer" is unduly vague and subject to varying interpretations. Defendant objects to this request

as discovery of non-testifying experts retained in anticipation of litigation is inadmissible, evidence of Defendant's liability insurance is inadmissible, and Defendant, as the insured, is not in the position to verify the contents of business records of a non-party insurer. Subject to, and without waiving these objections, Defendant admits request number fourteen.

**REQUEST NO. 15:** On May 19, 2006, Carey Latham recorded in Harleysville's file that "roofer poorly staged his work, rains came, roof not waterproofed, water entered Red Cross Bldg along 80' unprotected seam."

**RESPONSE NO. 15:** Defendant objects to this request as evidence of Defendant's liability insurance is inadmissible, and Defendant, as the insured, is not in the position to verify the contents of business records of a non-party insurer. Subject to, and without waiving these objections, Defendant admits request number fifteen.

**REQUEST NO. 16:** On May 19, 2006, Carey Latham recorded in Harleysville's file that "the open seam along with lack of flashing along top of walls allowed water intrusion into the atrium, upper and lower levels of the bldg."

**RESPONSE NO. 16:** Defendant objects to this request as evidence of Defendant's liability insurance is inadmissible, and Defendant, as the insured, is not in the position to verify the contents of business records of a non-party insurer. Subject to, and without waiving these objections, Defendant admits request number sixteen.

**REQUEST NO. 17:** On May 19, 2006, Carey Latham recorded in Harleysville's file that "liability has been accepted for the applicable damages only."

**RESPONSE NO. 17:** Defendant objects to this request as evidence of Defendant's liability insurance is inadmissible, and Defendant, as the insured, is not in the position to verify the contents of business records of a non-party insurer. Subject to, and without waiving these objections, Defendant admits request number seventeen.

**REQUEST NO. 18:** On May 24, 2006, Carey Latham sent a letter on Harleysville letterhead to a representative of the Red Cross.

**RESPONSE NO. 18:**    Defendant objects to this request as evidence of Defendant's liability insurance is inadmissible, and Defendant, as the insured, is not in the position to verify the contents of business records of a non-party insurer. Subject to, and without waiving these objections, Defendant admits request number eighteen.

**REQUEST NO. 19:**  In her letter of May 24, 2006, to a representative of the Red Cross, Carey Latham reported the result of her evaluation of the loss the Red Cross has experienced as a result of the leak.

**RESPONSE NO. 19:**    Defendant objects to this request as evidence of Defendant's liability insurance is inadmissible, and Defendant, as the insured, is not in the position to verify the contents of business records of a non-party insurer. Subject to, and without waiving these objections, Defendant admits request number nineteen.

**REQUEST NO. 20:** In her letter of May 24, 2006, Carey Latham wrote to a representative of the Red Cross that "I have deemed the following to be 'applicable' and 'covered' damages payable under my insured's general liability policy for emergency water remediation, put back, and business interruption."

**RESPONSE NO. 20:**    Defendant objects to this request as evidence of Defendant's liability insurance is inadmissible, and Defendant, as the insured, is not in the position to verify the contents of business records of a non-party insurer. Subject to, and without waiving these objections, Defendant admits request number twenty.

**REQUEST NO. 21:**    On September 29, 2006, Carey Latham recorded in Harleysville's file that Harleysville "is offering to pay everything except what is excluded."

**RESPONSE NO. 21**:    Defendant objects to this request as evidence of Defendant's liability insurance is inadmissible, evidence of offers to compromise is inadmissible, and Defendant, as the insured, is not in the position to verify the contents of business records of a non-party insurer. Subject to, and without waiving these objections, Defendant admits request number twenty one.

**REQUEST NO. 22:**    On December 28, 2006, Carey Latham recorded in Harleysville's file that "liability is accepted for covered and related damages."

**RESPONSE NO. 22:** Defendant objects to this request as evidence of Defendant's liability insurance is inadmissible, and Defendant, as the insured, is not in the position to verify the contents of business records of a non-party insurer. Subject to, and without waiving these objections, Defendant admits request number twenty two.

**REQUEST NO. 23:** Document Numbers 12-23, Exhibit A attached, were produced by Vinton in this action.

**RESPONSE NO. 23:** Defendant objects to this request as evidence of Defendant's liability insurance is inadmissible. Subject to, and without waiving this objection, Defendant admits request number twenty three.

**REQUEST NO. 24:** Document Numbers 12-23, Exhibit A attached, are notes from the file of Harleysville.

**RESPONSE NO. 24:** Defendant objects to this request as evidence of Defendant's liability insurance is inadmissible. Subject to, and without waiving this objection, by way of further response, after reasonable inquiry, the information known or readily obtainable by the Defendant is insufficient to enable Defendant to admit or deny request twenty four.

**REQUEST NO. 25:** Document Numbers 12-23, Exhibit A attached, are notes prepared by Cary Latham as part of her ordinary duties for Harleysville.

**RESPONSE NO. 25:** Defendant objects to this request as evidence of Defendant's liability insurance is inadmissible. Subject to, and without waiving this objection, by way of further response, after reasonable inquiry, the information known or readily obtainable by the Defendant is insufficient to enable Defendant to admit or deny request twenty five.

**REQUEST NO. 26:** Document Number 956, Exhibit B attached, is a copy of the letter dated May 24, 2006, that Carey Latham sent to a representative of the Red Cross as part of her ordinary duties for Harleysville.

**RESPONSE NO. 26:** Defendant objects to this request as evidence of Defendant's liability insurance is inadmissible. Subject to, and without waiving this objection, by way of further response, after reasonable inquiry, the information known or readily obtainable

by the Defendant is insufficient to enable Defendant to admit or deny request twenty six. Further, the information relates to a document conveying a settlement offer, and is neither relevant, nor admissible pursuant to Federal Rule of Evidence 408.

*William C. Parler, Jr. /cwp*
WILLIAM CARLOS PARLER, JR.
Bar No.: 389967
**PARLER & WOBBER, L.L.P.**
The Hemenway Building
406 E. Joppa Road
Towson, Maryland 21286
(410)832-1800
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _7th_ day of _February_, 2008 a copy of the foregoing was mailed first class, postage paid, to:

Alfred F. Belcuore
MONTEDONICO, BELCUORE & TAZZARA
1020 19th Street, NW
Suite 420
Washington, DC 20036
*Attorneys for Plaintiff*

_____
WILLIAM C. PARLER, JR.

WCPJR:mlf
2/7/08

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN NATIONAL RED CROSS

    **Plaintiff**

V.                                                    CASE NO:    1:07CV00209 (RCL)

VINTON ROOFING COMPANY, INC.

    **Defendant**

\* \* \* \* \* \* \*

## NOTICE OF SERVICE OF DISCOVERY MATERIALS

I HEREBY CERTIFY on this 7th day of February, 2008, a copy of Defendant's Amended Responses to Plaintiff's Request for Admissions, together with a copy of this Notice, was mailed first class, postage prepaid to:

Alfred F. Belcuore
MONTEDONICO, BELCUORE & TAZZARA
1020 19th Street, NW
Suite 420
Washington, DC 20036
*Attorney for Plaintiffs*

I will retain the originals of these documents until the completion of this case and/or until the final resolution of any appeal.

                Respectfully submitted,

                *William C. Parler Jr. /cup*
                WILLIAM C. PARLER, JR.
                Bar No.: 389967
                **PARLER & WOBBER, L.L.P.**
                The Hemenway Building
                406 E. Joppa Road
                Towson, Maryland 21286
                (410)832-1800
                *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of February 2008 a copy of the foregoing was sent via first class, postage prepaid to:

Alfred F. Belcuore
MONTEDONICO, BELCUORE & TAZZARA
1020 19th Street, NW
Suite 420
Washington, DC 20036
*Attorney for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　　*William C. Parler, Jr.*
　　　　　　　　　　　　　　　　　　　　　　　WILLIAM C. PARLER, JR.